Vanessa M. Anderson, OSB No. 134452
**Alchemy Law, LLC**
P.O. Box 14752
Portland, OR 97293
vanessa@alchemy-law.com
Telephone: 503.893.4107

James M. Carman, NY No. 2509206
**Carman, Callahan & Ingham LLP**
266 Main St.
Farmingdale, NY 11735
JCarman@carmanlawteam.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **MICRODENTAL LABORATORIES, INC.,** a Delaware Corporation | Case No.   2:21-cv-00482-SI |
| Plaintiff, | **ANSWER TO COUNTERCLAIMS** |
| v. | |
| **STEVE HOOFARD,** an individual | |
| Defendant. | |

In Answer to Defendant's Counterclaims, Plaintiff states:

1. Plaintiff admits the allegations in paragraph 41.

2. Plaintiff admits Hoofard owned and operated a dental lab in Hermiston and sold this lab in 2011. After the sale the lab operated under the name Microdental Laboratories, Inc. Plaintiff denies the remaining allegations in paragraph 42.

3. Plaintiff admits it hired Hoofard to manage the Hermiston lab. The Employment Agreement speaks for itself regarding the notice required prior to termination for cause and compensation following a termination without cause.

4. Plaintiff admits paragraph 44 recites the language of Section 8 of the Employment Agreement.

5. Plaintiff admits the allegations in paragraph 45.

6. In response to paragraph 46, Plaintiff admits Plaintiff and Hoofard entered into an Amendment to the Employment Agreement in 2016. The Amendment to the Employment Agreement speaks for itself in regards to the provisions for termination with or without cause.

7. In response to paragraph 47, Plaintiff admits it entered into a Noncompetition Agreement with Hoofard in 2016. The Noncompetition Agreement speaks for itself regarding the scope and restrictions imposed.

8. In response to paragraph 48, the Noncompetition Agreement speaks for itself.

9. In response to paragraph 49, Plaintiff admits it provided Hoofard with two loans for $250,000 each, which were forgivable only under certain terms. The payment terms in the Promissory Notes speak for themselves. Plaintiff admits it deducted biweekly payments from his paycheck for one of the Promissory Notes. Plaintiff admits Hoofard was not required to make payments on the other Promissory Note and that the yearly amount due on that Promissory Note was forgiven on December 31 of each year.

10. Plaintiff admits the allegations in paragraph 50.

11. In response to paragraph 51, Plaintiff denies Hoofard worked often up to 80 hours per week. Although Hoofard produced quality work, Plaintiff denies he worked to protect and grow Plaintiff's relationships with all customers at all times.

12.     In response to paragraph 52, Plaintiff admits in September 2017 Hoofard emailed former-CEO Mike Girard about pursuing a Fellowship with the American Academy of Cosmetic Dentistry. Plaintiff can neither admit or deny Hoofard's alleged motivation for seeking the Fellowship Accreditation.

13.     Plaintiff does not have sufficient information to either admit or deny the allegations in paragraph 53.

14.     Plaintiff does not have sufficient information to either admit or deny the allegations in paragraph 54.

15.     In response to paragraph 55, Plaintiff denies Hoofard discussed with Girard that he intended to perform the Fellowship work on his own personal time. Hoofard said he does not have sufficient time during his normal workday to complete the Fellowship work at the office and asked for permission to work on the Fellowship cases at home to avoid commuting to the office on the weekends. Girard granted permission to Hoofard to complete the Fellowship work at his home office.

16.     Plaintiff admits the dentist with whom Hoofard partnered was not an existing customer of Plaintiff prior to when Hoofard contacted him; however, the dentist became a customer of Plaintiff when he engaged in work with Hoofard. Plaintiff does not have sufficient information to either admit or deny the remaining allegations in paragraph 56.

17.     Plaintiff denies Hoofard told Girard that he planned to bill a dentist directly for his time and to accept those funds personally. Plaintiff does not have sufficient information to either admit or deny the remaining allegations in paragraph 57.

18.     Plaintiff does not have sufficient information to either admit or deny the allegations in paragraph 58.

19. Plaintiff admits Network Manager Ray Durkin visited the Kennewick lab with an attorney to investigate Hoofard's conduct of billing a customer directly and taking the funds personally. Plaintiff admits Hoofard showed copies of bank statements to Durkin but denies he provided emails and other documentation regarding his Fellowship work. Plaintiff does not have sufficient information to admit or deny the remaining allegations in paragraph 59.

20. Plaintiff denies the allegations in paragraph 60.

21. Plaintiff admits CEO Kelly instructed Hoofard not to do any work outside his employment with Plaintiff. Plaintiff does not have sufficient information to either admit or deny the remaining allegations in paragraph 61 regarding whether Hoofard complied with Kelly's instruction.

22. In response to paragraph 62, Plaintiff admits Hoofard's company Aesthetic Designs LLC wrote a check to Plaintiff for $10,000 and the remaining $12,000 was deducted from his payroll checks over 24 months. Plaintiff denies these payments were part of any "resolution proposal."

23. Plaintiff denies the allegations in paragraph 63.

24. Plaintiff denies the allegations in paragraph 64.

25. Plaintiff denies the allegations in paragraph 65.

26. Plaintiff admits Global CEO Ngai emailed Hoofard in January 2021 regarding billing a customer directly for his Fellowship work. Plaintiff denies the remaining allegations in paragraph 66.

27. Plaintiff denies the allegations in paragraph 67.

28. Plaintiff admits it sent Hoofard a letter dated February 10, 2021 terminating Hoofard's employment for cause.

29. Plaintiff denies the allegations in paragraph 69.

30. Plaintiff denies the allegations in paragraph 70.

31. Plaintiff denies the allegations in paragraph 71.

32. Plaintiff denies the allegations in paragraph 72.

33. Plaintiff denies the allegations in paragraph 73.

34. Plaintiff denies the allegations in paragraph 74.

35. Plaintiff denies the allegations in paragraph 75.

36. Plaintiff admits it deducted biweekly payments due on one Promissory Note from October 2019 through January 2021. Plaintiff denies the remaining allegations under paragraph 76.

37. Plaintiff admits Hoofard sent a written demand on April 7, 2021 for payment and requesting to engage in mediation. Plaintiff denies the remaining allegations in paragraph 77.

38. Plaintiff admits it filed an Amended Complaint and Motion for Temporary Restraining Order or Preliminary Injunction on May 13, 2021. Plaintiff denies the remaining allegations in paragraph 78.

## ANSWERS TO DEFENDANT'S FIRST COUNTERCLAIM

39. In response to paragraph 79, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 78.

40. Paragraph 80 contains legal conclusion and argument to which no response is required.

41. Plaintiff admits the allegation in paragraph 81 that it filed a claim against Hoofard to enforce the Noncompetition Agreement.

42. Plaintiff denies the allegations in paragraph 82.

43. Paragraph 83 contains a legal conclusion to which no response is required.

44. Paragraph 84 contains legal conclusion to which no response is required.

## ANSWERS TO DEFENDANT'S SECOND COUNTERCLAIM

45. In response to paragraph 85, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 78.

46. Plaintiff denies the allegation in paragraph 86.

47. Plaintiff denies the allegation in paragraph 87.

48. Plaintiff denies the allegation in paragraph 88.

49. Plaintiff denies the allegation in paragraph 89.

50. Plaintiff denies the allegations in paragraph 90.

51. Plaintiff denies the allegations in paragraph 91.

52. Plaintiff admits Hoofard sent a written demand for payment. Plaintiff denies the allegations in paragraph 92.

53. Paragraph 93 contains a legal conclusion to which no response is required.

54. Paragraph 94 contains a legal conclusion to which no response is required.

55. Plaintiff denies the allegation in paragraph 95.

56. Paragraph 96 contains a request for relief to which no response is required.

57. Plaintiff denies the allegation in paragraph 97.

## ANSWERS TO DEFENDANT'S THIRD COUNTERCLAIM

58. In response to paragraph 98, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 97.

59. Plaintiff admits the allegation in paragraph 99 that the Amended Employment Agreement was a valid contract between Hoofard and Plaintiff.

60. Plaintiff denies the allegations in paragraph 100.

61. Plaintiff denies the allegations in paragraph 101.

62. Plaintiff denies the allegations in paragraph 102.

63. Plaintiff denies the allegations in paragraph 103.

64. Plaintiff denies the allegations in paragraph 104.

65. Plaintiff denies the allegation in paragraph 105.

66. Paragraph 106 contains a request for relief to which no response is required.

67. Plaintiff denies the allegation in paragraph 107.

### ANSWERS TO DEFENDANT'S FOURTH COUNTERCLAIM

68. In response to paragraph 108, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 107.

69. Plaintiff denies the allegation in paragraph 109.

70. Plaintiff denies the allegation in paragraph 110.

71. Plaintiff denies the allegation in paragraph 111.

72. Plaintiff denies the allegation in paragraph 112.

73. Plaintiff denies the allegation in paragraph 113.

74. Plaintiff denies the allegation in paragraph 114.

75. Plaintiff denies the allegation in paragraph 115.

76. Paragraph 116 contains a request for relief to which no response is required.

77. Plaintiff denies the allegation in paragraph 117.

### ANSWER TO DEFENDANT'S FIFTH COUNTERCLAIM

78. In response to paragraph 118, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 117.

79. Section 7.2 of the promissory notes speak for themselves.

80. Paragraph 120 contains a legal conclusion to which no response is required.

81. Plaintiff denies the allegation in paragraph 121.

### ANSWER TO DEFENDANT'S SIXTH COUNTERCLAIM

82. In response to paragraph 122, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 78.

83. Plaintiff denies the allegation in paragraph 123.

84. Plaintiff denies the allegation in paragraph 124.

85. Plaintiff denies the allegation in paragraph 125.

86. Plaintiff denies the allegation in paragraph 126.

### ANSWER TO DEFENDANT'S SEVENTH COUNTERCLAIM

87. In response to paragraph 127, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 78.

88. Plaintiff denies the allegation in paragraph 128.

89. Plaintiff denies the allegation in paragraph 129.

90. Plaintiff denies the allegation in paragraph 130.

91. Plaintiff denies the allegation in paragraph 131.

92. Plaintiff denies the allegation in paragraph 132.

93. Plaintiff denies the allegation in paragraph 133.

94. Plaintiff denies the allegation in paragraph 134.

95. Plaintiff denies the allegation in paragraph 135.

96. Plaintiff denies the allegation in paragraph 136.

### ANSWER TO DEFENDANT'S EIGHTH COUNTERCLAIM

97. In response to paragraph 137, Plaintiff realleges and incorporates by reference its responses to paragraphs 41 through 78.

98. Plaintiff denies the allegation in paragraph 138.

99. Plaintiff denies the allegation in paragraph 139.

100. Plaintiff denies the allegation in paragraph 140.

101. Plaintiff denies the allegation in paragraph 141.

102. Plaintiff denies the allegation in paragraph 142.

103. Plaintiff denies the allegation in paragraph 143.

104. Plaintiff denies the allegation in paragraph 144.

DATED: July 13, 2021.

**ALCHEMY LAW, LLC**

By: *Vanessa Anderson*
Vanessa Anderson, OSB No. 134452
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document, ANSWER TO COUNTERCLAIMS, on the following named person on the date indicated below by:

[      ] mailing by First Class mail with postage prepaid;

[      ] by Certified mail;

[      ] by hand delivery;

[  X  ] by emailing the documents in an attachment

[  X  ] by the Court CM/ECF notice of electronic filing


Angela Ferrer
Buchanan Angeli Altschul & Sullivan LLP
angela@baaslaw.com
921 SW Washington Street, Suite 516
Portland, OR 97205


DATED this 13th day of July, 2021.

*Vanessa Anderson*
Vanessa M. Anderson, OSB #134452